UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILAR URRESTA, ZITA CABRERA and CARLOS LEAL, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>      -against-<br><br>MBJ CAFETERIA CORP., d/b/a MBJ FOOD SERVICES, INC., MBJ LIC CORP., MBJ JV INC., MBJ DOWNTOWN INC., MICHAEL GELLES, RICHARD HALEM and JOAQUIN VASQUES,<br><br>              Defendants. | No. 10cv8277 (RWS) |

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS' PARTIAL MOTION
# TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Andrew P. Marks
Elena Paraskevas-Thadani
LITTLER MENDELSON
 A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

Attorneys for Defendants

## PRELIMINARY STATEMENT

Defendants MBJ Cafeteria Corp., d/b/a MBJ Food Services, Inc., MBJ LIC Corp., MBJ JV Inc., MBJ Downtown Inc., Michael Gelles, Richard Halem and Joaquin Vasques (collectively "Defendants" or "MBJ"[1]), by their attorneys, Littler Mendelson, P.C., respectfully submit this Memorandum of Law in Support of their Partial Motion to Dismiss.[2]  Specifically, Defendants seek dismissal of Plaintiffs' "living wage" claims brought under New York City Administrative Code § 6-109 *et seq.* because (1) Defendants are not "city contractors" subject to the provisions of New York City Administrative Code § 6-109a; and (2) even if they were, Plaintiffs' claim is barred by their failure to exhaust the administrative prerequisites to maintaining a private cause of action.

Defendants also seek dismissal of all of Plaintiff Zita Cabrera's claims.  Cabrera's claims under the Fair Labor Standards Act ("FLSA") and her New York City claims are barred by the applicable three-year statute of limitations.  Cabrera's remaining state claims should be dismissed because it would be inappropriate for the Court to exercise supplemental jurisdiction over exclusively state claims.

## NATURE OF CLAIMS AND SUMMARY OF ARGUMENT

This is an action for alleged unpaid wages brought by three current and former employees of MBJ, under federal, state and city law.  MBJ provides food services at the LaGuardia Community College cafeteria, located in Long Island City, Queens, where plaintiffs either work or worked.  (Compl. ¶ 1)  MBJ provides these services pursuant to a contract with Fiorello H.

---

[1] Plaintiffs have sued individuals and entities for whom they never worked.  For purposes of this motion only, and for purposes of efficiency, Defendants collectively refer to themselves as MBJ, and this motion is filed on behalf of all Defendants.

[2] Defendants vigorously contest the allegations in the Complaint and do not waive any claims or defenses by the filing of this partial motion to dismiss.

LaGuardia Community College Auxiliary Enterprises Corp. ("Enterprise Corp.")  *See* Joaquin Vasques Decl. In Support of Defs. Motion to Dismiss ("Vasques Decl."), ¶ 2 & Ex. A.

Plaintiffs claim that New York Administrative Code § 6-109 applies in this case.  Their Complaint alleges:

> 79. At all times relevant to this action, Plaintiffs and the putative class were employed by Defendants within the meaning of New York Administrative Code § 6-109a(15) and were covered employees within the meaning of the New York City Administrative Code.
>
> 80. At all times relevant to this action, Defendants constituted city service contractors within the meaning of the New York City Administrative Code § 6-109a(10).
>
> 81. At all times relevant to this action, Plaintiffs and the putative class were engaged in food services work within the meaning of the New York City Administrative Code § 6-109a(8).
>
> 82. At all times relevant to this action, Plaintiffs worked under a city service contract within the meaning of the New York City Administrative Code § 6-1[0]9(10).

These allegations are untrue.  As shown by the contract[3] between MBJ and Enterprise Corp., pursuant to which MBJ provides cafeteria services at LaGuardia Community College, MBJ has never been a city service contractor, nor did Plaintiffs ever work under a city service contract within the meaning of the New York City Administrative Code.  Therefore, as further explained below, Plaintiffs were never covered employees under New York City law, MBJ is not a covered employer and MBJ was never obligated to pay the living wage.

---

[3]  The relevant portion of the contract is annexed as Exhibit A to the Vasques Decl.

**ARGUMENT**

**I. THE LIVING WAGE CLAIM FAILS AS A MATTER OF LAW**

**A.     The Contract Referenced in the Complaint and on which Plaintiffs base their Living Wage Claim is Appropriately Considered by this Court on Defendants' Motion to Dismiss**

The Second Circuit has long "held that for the purposes of deciding a motion to dismiss pursuant to Rule 12(b)(6): '[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.  Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.'" *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

Here, the Plaintiffs claim that they "worked under a city service contract within the meaning of the New York City Administrative Code §6-109a(10)" and that as a result Defendants are "city service contractors" who are obligated to pay Plaintiffs the living wage. Compl. ¶¶ 80-82.  Therefore, the contract under which MBJ provides cafeteria services to LaGuardia Community college is integral to the complaint and appropriately considered by the Court.

**B.     Plaintiffs are not covered by N.Y. Admin. Code §6-109 and their "Living Wage" Claim Must Therefore be Dismissed**

Plaintiffs allege that they are food service workers employed pursuant to a city service contract and must be paid the "living wage" required by New York Administrative Code § 6-109.  Plaintiffs are incorrect.   The Code defines a "city service contract" as "any written agreement between any entity and a contracting agency."  *See Id.* at (a)(10).  A "contracting agency" is defined as "the city, a city agency, the city council, a county, a borough, or other

-3-

office, position, administration, department, division, bureau, board, commission, corporation, or an institution or agency of government, the expenses of which are paid in whole or in part from the city treasury or the department of education." *Id.* at (a)(13).  Not-for-profit organizations are expressly excluded from coverage of the Administration Code.  Specifically, the statute provides that a "City Service Contract," shall, by definition, "*not include contracts with not-for-profit organizations.*"  Admin. Code § 6-109(e)(1)(10).

Enterprise Corp. is not a "contracting agency" as defined by the statute.  Enterprise Corp's expenses are not paid in whole or part by the city's treasury but rather by revenue generated from student activity fees, gym membership fees, parking fees, income from student events and sources of that nature.  *See* E. Paraskevas-Thadani Decl. In Support of Defs. Motion to Dismiss ("Paraskevas-Thadani Decl.") ¶ 1, Ex. A (Enterprise Corp.'s 2007 Tax Returns at 1, 2, 9) (indicating sources of income and showing no government grants) & Ex. B (Enterprise Corp.'s 2008 Tax Returns at 1, 2, 9) (same).  Furthermore, Enterprise Corp. is a 501(c)(3) not-for-profit organization.  Paraskevas-Thadani Decl. ¶ 3 & Exs. A – C.  Not-for-profit organizations are expressly carved out by the statute, and cannot enter into "city service contracts".  *See* ."  Admin. Code § 6-109(e)(1)(10), cited *supra.*  For these reasons, MBJ's contract with Enterprise Corp. is not a "city service contract" covered by the Administrative code.

Because Enterprise Corp. is not a contracting entity under the law, its contract with MBJ is not a "city service contract," MBJ is not a "city service contractor," and plaintiffs are not food service workers covered by the New York City's living wage law.  Accordingly, Plaintiffs' "living wage" claims against Defendants must be dismissed.

-4-

### C. Even if Defendants were City Service Contractors, Plaintiffs Failed to Exhaust Administrative Remedies as to their Living Wage Claims

Exhaustion of administrative remedies is a prerequisite to maintaining a lawsuit based on New York City's living wage law. *See* Admin. Code § 6-109(e)(1). The Administrative Code § 6-109(c) describes the process of enforcement against entities that have not complied with the requirements of the statute. This process includes the *requirement* that prior to bringing a private cause of action, plaintiffs bring any prevailing wage complaints to the New York City Comptroller. *See* N.Y.C. Admin. Code § 6-109(e). The Comptroller's investigation is then limited to reviewing only the work performed within the three years prior to the filing of the complaint. *Id.* at (1)(d). Based upon his investigation, the Comptroller is then required to issue a final determination. It is only after the final determination is issued in favor of the employee that an employee may assert a private right of action. *See Id.* at (e)(2)(a) (stating that there exists a private right of action, "[w]hen a final determination has been made and such determination is in favor of a covered employee...").

Thus, even if plaintiffs' claims were covered by the Administrative Code (and they are not), plaintiffs have failed to comply with their obligation to bring any prevailing or living wage complaints to the City Comptroller, which warrants a dismissal of their living wage claims.

### II. PLAINTIFF ZITA CABRERA'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

#### A. Plaintiff Cabrera's Living Wage claim Is Time-Barred

According to the Complaint, Cabrera's last day of employment was in July 2007, more than three years before the commencement of this action. Compl. ¶ 53. The statute of limitations for living wage claims is three years. NY Admin Code 6-109(e)(2)(c). Therefore, Cabrera is precluded from bringing a federal lawsuit based on the living claims in her complaint

(and, for that matter, from raising these claims with the City Comptroller).  *See Id.* § 6-109(e)(1)(d) and (e)(2)(c)**.**

### B.     Plaintiff Cabrera's FLSA Claims Are Time-Barred

Cabrera's FLSA claims are also time barred.  As stated in the complaint, her last day of employment with MBJ was in July 2007.  This lawsuit was filed in November 2010—more than three years after her last day of employment.  The FLSA's statute of limitation is 2 years, and can be enlarged to up to three years for willful violations**.**  *See*  29 U.S.C. § 255(a); *Clarke v. JPMorgan Chase Bank, N.A.,* No. 08 Civ. 2400 (CM)(DCF), 2010 U.S. Dist. LEXIS 33264, *25-29 (S.D.N.Y. Mar. 26, 2010) (finding FLSA claims time-barred); *Abdrabo v. New York - Worker Comp. Bd.*, No. 03 Civ. 7690 (DLC), 2005 U.S. Dist. LEXIS 10317, *5-6 (S.D.N.Y. May 27, 2005) (dismissing FLSA claims as time-barred where former employee filed FLSA claims nearly five years after employment ended).  Even applying the FLSA's longest available statute of limitation, Cabrera's federal wage claims would still be barred and must be dismissed**.**  *Id.*

### C.     The Court should dismiss Cabrera's remaining state claims

A district court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if all of the claims over which the federal court has original jurisdiction have been dismissed.  28 U.S.C. §1367(c).  *See McPherson v. NYP Holdings, Inc*., 227 Fed. Appx. 51, 54 (2d Cir. 2007) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims) (quoting *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)); *Podell v. Citicorp Diners Club, Inc.*, 859 F. Supp. 701, 706-707 (S.D.N.Y. 1994) (declining to exercise supplemental jurisdiction over plaintiff's state law claims against moving defendant even though claims against two other defendants were proceeding where the Court found that [Plaintiff's] arguments do not warrant the Court's adjudication of claims "which

-7-

rightfully belong in state court and where the question of supplemental jurisdiction" reaches the Court well before trial, "with only the barest of pre-trial proceedings completed. Consequently, dismissal of the state claims would not be unfair or manifestly inconvenient to [Plaintiff]").

Factors a district court may consider in deciding whether to exercise supplemental jurisdiction include: the interests of judicial economy, convenience, fairness to litigants, and comity. *Keady v. Nike, Inc.*, 23 Fed. Appx. 29, 32 (2d Cir. 2001). All of these factors support dismissing Plaintiff Cabrera's state law claims. Here, only a complaint has been filed. Dismissal would not be unfair or manifestly inconvenient for Plaintiff Cabrera since "only the barest of pre-trial proceedings" have been completed, *Podell,* 859 F. Supp. at 706, and dismissal of the pendent state law claims would serve the interests of judicial economy.[4]

Because Cabrera's purported federal FLSA claims against the Defendants must be dismissed, (*see supra* Point II, B), and in light of the above factors, the Court should decline to exercise supplemental jurisdiction over her remaining New York State wage and hour claims, pursuant to 28 U.S.C. §1367.

---

[4] Furthermore, the remaining plaintiffs seek to assert state law claims as a class action. Cabrera's interests would be protected as a member of that class.

-8-

## CONCLUSION

For the reasons discussed above, Plaintiffs' New York City "living wage" claims must be dismissed. In addition, Plaintiff's Cabrera's claims must be dismissed in their entirety.

Date: January 4, 2011
　　　New York, New York

　　　　　　　　　　　　　　　　　S/
　　　　　　　　　　　　　　　　　Andrew P. Marks
　　　　　　　　　　　　　　　　　Elena Paraskevas-Thadani
　　　　　　　　　　　　　　　　　LITTLER MENDELSON
　　　　　　　　　　　　　　　　　　A Professional Corporation
　　　　　　　　　　　　　　　　　900 Third Avenue
　　　　　　　　　　　　　　　　　New York, NY  10022.3298
　　　　　　　　　　　　　　　　　212.583.9600

　　　　　　　　　　　　　　　　　Attorneys for Defendants