UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILAR URRESTA, ZITA CABRERA and CARLOS LEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MBJ CAFETERIA CORP., d/b/a MBJ FOOD SERVICES, INC., MBJ LIC CORP., MBJ JV INC., MBJ DOWNTOWN INC., MICHAEL GELLES, RICHARD HALEM and JOAQUIN VASQUES,<br><br>Defendants. | No. 10cv8277 (RWS)<br><br>Electronically Filed |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for Defendants

*Of Counsel*
   Andrew P. Marks
   Elena Paraskevas-Thadani

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

POINT I   "CONDITIONAL CERTIFICATION" SHOULD BE DENIED ........................... 2

POINT II   NOTICE MUST BE LIMITED IN TIME AND SCOPE ....................................... 2

    A.   Notice, if any, Should be Limited to Employees at LaGuardia C.C ...................... 3

    B.   Any Court Approved Notice Should be Limited to a Three-Year Period .............. 5

POINT III   IF THE COURT FINDS IT APPROPRIATE TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS, THE NOTICE SHOULD BE EDITED TO ENSURE THAT IT IS CLEAR AND ACCURATE AND WILL NOT STIR UP UNRELATED LITIGATION ............................................. 7

    A.   The Notice Contains Typographical Errors ............................................................ 8

    B.   Discussion of New York Labor Law and Living Wage Claims is Unwarranted ............................................................................................................ 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alonso v. Uncle Jack's Steakhouse, Inc.*,
  648 F. Supp. 2d 484 (S.D.N.Y. 2009) ........................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. ___, 129 S.Ct. 1937 (2009) .........................................................................4

*Barfield v. New York City Health and Hospitals Corp.*,
  No. 05 Civ. 6319 (JSR), 2005 U.S. Dist. LEXIS 28884
  (S.D.N.Y. Nov. 17, 2005) ..........................................................................................3

*Castro v. Spice Place, Inc.*,
  No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. 2009) .........................4, 5

*Duchene v. Cetta*,
  244 F.R.D. 202 (S.D.N.Y. 2007) ...............................................................................5

*Gomez v. H & R Gunlund Ranches, Inc.*,
  No. CV F10-1163 LJO MJS, 2010 U.S. Dist. LEXIS 137736
  (E.D. Cal. Dec. 16, 2010) ..........................................................................................8

*Hoffmann-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) ...............................................................................................2, 3

*Jacobsen v. The Stop & Shop Supermarket Co.*,
  No. 02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988 ........................................................5

*Jemine v. Dennis*,
  No. 08 Civ 3072 (RRM) (MDG), 2009 U.S. Dist. LEXIS 24870
  (E.D.N.Y. March 26, 2009) .......................................................................................5

*Levinson v. Primedia Inc.*,
  No. 02 Civ 2222, 2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) ...............4

*Lin v. Benihana Nat'l Corp.*,
  No. 10 Civ. 1335(VM) (JCF), 2010 U.S. Dist. LEXIS 132871
  (S.D.N.Y. Nov. 9, 2010) ............................................................................................4

*Malena v. Victoria's Secret Direct, LLC*,
  2010 U.S. Dist. LEXIS 121320 (S.D.N.Y. Nov. 16, 2010) ........................................7

## TABLE OF AUTHORITIES (Cont'd)

Page(s)

*McBeth v. Gabrielli Truck Sales, Ltd.*,
   No. 09 Civ. 04112 (LDW) (ETB), 2011 U.S. Dist. LEXIS 10398
   (E.D.N.Y. Feb 3, 2011) ................................................................................. 6, 7, 8

*Montgomery v. Wal-Mart Stores, Inc.*,
   No. 3:03cv539, 2007 U.S. Dist. LEXIS 70574
   (S.D. Miss. Sept. 24, 2007) .................................................................................. 8

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2nd Cir. 2010) ......................................................................... 2, 3, 6

*In Re Penthouse Exec. Club Compensation Litigation*,
   No. 10 Civ. 1145 (NRB), 2010 U.S. Dist. LEXIS 114743 (S.D.N.Y. Oct. 27, 2010) .......... 6

*Prizmic v. Armour, Inc.*,
   No. 05 Civ 2503, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006) ................... 4

*Sipas v. Sammy's Fish Box, Inc.*,
   No. 05 Civ. 10319 (PAC), 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) ......... 6

*Sjoblom v. Charter Communications, LLC*,
   No. 3:07-cv-0451-bbc, 2007 U.S. Dist. LEXIS 93879 (W.D.Wis. Dec. 19. 2007) ............ 3

*Trinidad v. Breakaway Courier Sys. Inc.*,
   No. 05 Civ. 4116 (RWS), 2007 U.S. Dist. Lexis 2914 (S.D.N.Y. Jan. 12, 2007) .............. 6

**STATUTES**

29 U.S.C. § 207(a)(1) ............................................................................................. 1

29 U.S.C. § 216(b) ....................................................................................... 1, 2, 3, 6

29 U.S.C. § 255(a) ................................................................................................. 1

Fed.R.Civ.P. 23 .................................................................................................. 5, 6

**OTHER AUTHORITIES**

New York City Administrative Code ......................................................................... 1

New York Labor Law ......................................................................................... 6, 8

## PRELIMINARY STATEMENT

Defendants MBJ Cafeteria Corp., d/b/a MBJ Food Services, Inc., MBJ LIC Corp., MBJ JV Inc., MBJ Downtown Inc., Michael Gelles, Richard Halem and Joaquin Vasques submit this memorandum of law in opposition to plaintiffs' motion for conditional certification as a collective action and leave to send notice of their collective action to potential opt-in plaintiffs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

Plaintiffs are three current or former employees of MBJ LIC Corp. who worked in the cafeteria at LaGuardia Community College ("LaGuardia C.C."). Plaintiffs acknowledge that they were compensated for all hours that they worked, but complain that they were not paid at the "prevailing rate" allegedly required by the New York City Administrative Code,[1] and did not receive the correct overtime premium required by Section 207(a)(1) of the FLSA. (Cplt. ¶ 70) Although the statute of limitations under the FLSA is a maximum of three years, 29 U.S.C. § 255(a), and although plaintiffs worked exclusively at LaGuardia C.C., plaintiffs' counsel seeks this Court's imprimatur to solicit individuals who worked six years ago at other colleges (*i.e.*, Borough of Manhattan Community College ("BMCC"), John Jay College ("John Jay") and Eugenio de Hostos Community College ("Hostos")), because plaintiffs "believe" that the separate corporations operating those cafeterias comprise a joint-employer with MBJ LIC Corp. and have "heard" that employees of those companies at those colleges also did not receive premium pay for overtime.

Defendants acknowledge that courts in the Second Circuit have the discretion to authorize notice to potential FLSA opt-in plaintiffs when they and the named plaintiffs together were victims of a common policy or plan that violated the FLSA. Accordingly, defendants do

---

[1]  In a separate motion, defendants have shown why that claim must be dismissed.

not oppose mailing of an accurate and neutral notice to employees of MBJ LIC Corp. who worked at LaGuardia C.C. during the three years preceding such mailing.[2] But the request to expand solicitation to employees of *other* companies at *other* colleges and/or who did not work during the maximum three-year FLSA period should be denied. The hearsay and formulaic recitations offered by plaintiffs simply do not make even a minimal factual showing of a common policy in violation of the FLSA.

## ARGUMENT

### POINT I

### "CONDITIONAL CERTIFICATION" SHOULD BE DENIED

Plaintiffs seek "conditional certification of this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216(b)." (Pl. Mem. 2)  That request must be denied because there is no provision for such relief. As the Second Circuit recently explained in *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2nd Cir. 2010), "while courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power, upheld in *Hoffmann-La Roche* [493 U.S. 165 (1989)], to facilitate the sending of notice to potential class members. Section 216(b) does not by its terms require any such device ...." Since there is no mechanism to *certify* an FLSA class, the requested relief must be denied.

### POINT II

### NOTICE MUST BE LIMITED IN TIME AND SCOPE

Plaintiffs' request for judicially authorized notice should also be denied. Authorization of notice to prospective FLSA opt-in plaintiffs is discretionary, not mandatory. *Hoffmann-La*

---

[2]  Defendants' objection to the content of the plaintiffs' proposed notice are discussed below.

*Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (holding that although they are not required to do so, "district courts have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs"). The Court of Appeals in *Myers* acknowledged that there is no controlling precedent as to when the court should involve itself in facilitating notice:

> In determining whether to exercise this discretion in an "appropriate case[ ]," the district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible. The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. . . . The court may send this notice after plaintiffs make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." . . . The "modest factual showing" cannot be satisfied simply by "unsupported assertions," . . . .

624 F.3d at 554-55 (internal citations omitted). The circulation of class notice in this case should be restricted to those persons who are subject to the same alleged violation of the FLSA, *i.e.,* plaintiffs' co-workers at LaGuardia C.C. during the FLSA limitations period.

### A.     Notice, if any, Should be Limited to Employees at LaGuardia C.C.

Plaintiffs have not made even a modest factual showing that cafeteria workers at BMCC, John Jay and Hostos, were victims of a common policy or plan that violated the FLSA. Plaintiffs aver that they have "talked to people who work or have worked at [BMCC]" and have "heard" about employees at John Jay and Hostos. (Urresta Aff. ¶¶ 10-11; Leal Aff. ¶¶ 10-11; Cabrera Aff. ¶ 10). This hearsay does not constitute evidence. *Barfield v. New York City Health and Hospitals Corp.*, No. 05 Civ. 6319 (JSR), 2005 U.S. Dist. LEXIS 28884, *3 (S.D.N.Y. Nov. 17, 2005) (evidence of a common policy requires more than anecdotal hearsay); *Sjoblom v. Charter Communications, LLC,* No. 3:07-cv-0451-bbc, 2007 U.S. Dist. LEXIS 93879, *32-322 (W.D.Wis. Dec. 19. 2007) (striking affidavits in wage-hour action where affidavits not based

upon affiants' personal knowledge, constitute or rely on hearsay, contain conclusory allegations, speculation and unsupported personal beliefs).

Even if plaintiffs' proffered hearsay was sufficient to establish that the four companies operating the cafeterias at the four colleges had a similar practice of paying straight time for hours in excess of forty in a pay period, plaintiffs offer no evidence at all of a common policy or plan maintained by all defendants. The complaint acknowledges that the cafeterias at each college were operated by different corporate entities. (Cplt. ¶¶ 27-32). While the complaint alleges "upon information and belief" that "corporate Defendants [were] operated as a single enterprise by individual Defendants Gelles, Vasques and Halem" (Cplt. ¶ 25), and that "one or more Defendants employed and/or jointly employed one or more Plaintiffs" (Cplt. ¶ 33), such labels, conclusions and formulaic recitations do not make an adequate factual showing. *See, Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).[3] In establishing that collective action certification is warranted, "plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits." *Lin v. Benihana Nat'l Corp.*, No. 10 Civ. 1335(VM)(JCF), 2010 U.S. Dist. LEXIS 132871, at *8 (S.D.N.Y. Nov. 9, 2010). The plaintiffs' supporting allegations "must be specific, not conclusory." *Id.* at *9. Plaintiffs' accompanying affidavits do not even mention, let alone provide a factual demonstration of, any common control or other element of joint-employer status.

In *Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. 2009), this Court denied leave to circulate a notice of an FLSA collective action based on a

---

[3] The plaintiff must establish this requirement through a factual showing, not simply allegations. *See Levinson v. Primedia Inc.*, No. 02 Civ 2222, 2003 U.S. Dist. LEXIS 20010, *4 (S.D.N.Y. Nov. 6, 2003); *Prizmic v. Armour, Inc.*, No. 05 Civ 2503, 2006 U.S. Dist. LEXIS 42627, *6 (E.D.N.Y. June 12, 2006) ("Mere allegations in the complaint are not sufficient [to meet the plaintiff's burden on a motion for collective action certification]; some factual showing by affidavit or otherwise must be made") (internal citations omitted).

failure to substantiate joint employer allegations. Unlike here, the *Castro* plaintiffs had worked at more than one restaurant and had actual knowledge of a similar practice at each location. Nevertheless, as Your Honor there wrote:

> Since the defendants' status as a joint employer has not yet been resolved, plaintiffs must present some evidence to show that defendants maintained a common scheme or policy before this Court can grant collective action certification under § 216(b). Plaintiffs have not met this burden.

*Id.* at *8-9. Likewise here, plaintiffs have not met their burden of showing that the named defendants maintained a common policy at each of the four colleges. Accordingly, any notice approved should be limited to employees of MBJ LIC Corp. at LaGuardia C.C.

## B.  Any Court Approved Notice Should be Limited to a Three-Year Period

Plaintiffs seek Court authorization to send their notice to every employee who worked since November 2, 2004, though the FLSA claims of employees who worked more than three years before the opt-in date would be barred by the statute of limitations. Plaintiffs' justification for this expansive time frame is relegated to a single sentence in a footnote where they assert: "In cases involving both FLSA and New York state labor claims, courts routinely authorize notice to employees who worked for the defendant in the six years preceding the filing of the lawsuit, even where plaintiffs have not yet moved to certify a class pursuant to Fed.R.Civ.P. 23." (Pl. Mem. 5 n.1)  Some, but not all, of the cases plaintiffs cite for this proposition did authorize notice beyond the FLSA limitations period.[4]

---

[4]  In *Jacobsen v. The Stop & Shop Supermarket Co.*, No. 02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988, *8, 8 Wage & Hour Cas. 2d (BNA) 1367 (S.D.N.Y. May 14, 2003), Judge Cote found it "appropriate ... to provide notice to those who held the position of gmm during the *three years preceding* this lawsuit." (Emphasis added). *Duchene v. Cetta*, 244 F.R.D. 202, 204 (S.D.N.Y. 2007) did not address the six year period at all. And in *Jemine v. Dennis*, No. 08 Civ 3072 (RRM) (MDG), 2009 U.S. Dist. LEXIS 24870 (E.D.N.Y. March 26, 2009), notice was authorized for a six-year period, but with the caveat that it "should clearly distinguish between the time periods applicable to the federal law claim and the New

However, the cases cited by plaintiffs were decided before the Second Circuit decision in *Myers*, which decision calls into question the rationale of approving solicitations to employees without viable claims. For example, in *Sipas v. Sammy's Fish Box, Inc.*, No. 05 Civ. 10319 (PAC), 2006 U.S. Dist. LEXIS 24318, *5 (S.D.N.Y. Apr. 24, 2006), Judge Crotty opined that "[t]his Circuit encourages the sending of notice to 'similarly situated' individuals ...." In *Myers*, however, the Court of Appeals offered no such encouragement – rather it makes clear that the court has discretion whether or not to send such notice. *Myers* also recognizes that "most FLSA plaintiffs ... contend that *both* the FLSA *and* a provision of state law *independently* guarantee them overtime pay." *Myers, at* 545 (2d Cir. 2010) (emphasis in original). For this reason, it is appropriate to consider a request for certification of an FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) separately from a request for certification of the state law claim as a class action under Federal Rule Civil Procedure 23.

District Court decisions after *Myers* strongly suggest that sending notice to employees without timely FLSA claims is not appropriate. In *McBeth v. Gabrielli Truck Sales, Ltd.*, No. 09 Civ. 04112 (LDW) (ETB), 2011 U.S. Dist. LEXIS 10398, *7 (E.D.N.Y. Feb 3, 2011), the court held that "while notice to all former employees, going back six years, has been authorized where plaintiffs seek relief under both the FLSA and the New York Labor Law ... the growing trend in this district appears to be limiting the notice period to three years." (collecting cases) (internal citations omitted). *See also, In Re Penthouse Exec. Club Compensation Litigation*, No. 10 Civ.

---

York law claim and explain that the plaintiffs may have claims under the FLSA if they worked more than forty hours per week during the last three years." While this Court approved notice for a six year period in *Trinidad v. Breakaway Courier Sys. Inc.*, No. 05 Civ. 4116 (RWS), 2007 U.S. Dist. Lexis 2914 (S.D.N.Y. Jan. 12, 2007), such notice was authorized contemporaneously with approval of Rule 23 class certification of the state law claims. Such is not the case here.

1145 (NRB), 2010 U.S. Dist. LEXIS 114743, *17, n4 (S.D.N.Y. Oct. 27, 2010) ("courts traditionally permit a three-year notice period.").

Solicitation of employees without viable causes of action will merely stir up unnecessary litigation. *See McBeth*, 2011 U.S. Dist LEXIS, at *9 (finding "no purpose in sending such employees a notice informing them that (1) there is a pending op[t]-in lawsuit, (2) they may not opt-in.") (internal citations omitted). There will be time aplenty to notify putative class members of their state law claims when and if such claims are certified to proceed as a class action. At this early point of the litigation, without the benefit of any discovery regarding the appropriateness of a class, notice should be limited to those who could opt into the FLSA claim.

## POINT III

### IF THE COURT FINDS IT APPROPRIATE TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS, THE NOTICE SHOULD BE EDITED TO ENSURE THAT IT IS CLEAR AND ACCURATE AND WILL NOT STIR UP UNRELATED LITIGATION

Like the decision to facilitate notice under the FLSA, "the content of the notice" to be provided to potential collective action members "is left to the court's discretion." *Malena v. Victoria's Secret Direct, LLC*, 2010 U.S. Dist. LEXIS 121320, at *10 (S.D.N.Y. Nov. 16, 2010). In exercising that discretion, the Court must "consider the overarching policies of the collective suit provisions," and ensure that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 489 (S.D.N.Y. 2009) (internal quotations omitted). If the Court determines that judicial notice is appropriate for any group, the Court should manage that communication and ensure that it is not used to stir up litigation unnecessarily.

A.  **The Notice Contains Typographical Errors**

Plaintiffs' proposed notice is addressed to individuals who worked "at any time during the period from December 30, 2004 through the present" but says you can join the lawsuit if you worked during the period of November 2, 2004 to the present. Defendants contend that the appropriate date is three years preceding the date of the notice, but in any event, the dates should be the same to avoid confusion.

Plaintiffs' proposed notice inadvertently describes the lawsuit as being filed in the Eastern District of New York. This should be corrected.

B.  **Discussion of New York Labor Law and Living Wage Claims is Unwarranted**

If conditional certification is granted, the certification will be under federal wage law and not under any New York law. "Reference to [state] law, even for informational purposes, can be misleading and confusing." *Gomez v. H & R Gunlund Ranches, Inc.*, No. CV F10-1163 LJO MJS, 2010 U.S. Dist. LEXIS 137736, at *26 (E.D. Cal. Dec. 16, 2010). Accordingly, language concerning plaintiffs' state law claims should be stricken from the notice. *Id.; see also McBeth*, 2011 U.S. Dist. LEXIS 10398, at * 9 ("there is no reason to include reference to the pending state law claims in the Notice of Pendency"); *Montgomery v. Wal-Mart Stores, Inc.*, No. 3:03cv539 HTW-LRA, 2007 U.S. Dist. LEXIS 70574, at *14 (S.D. Miss. Sept. 24, 2007) (notice limited to FLSA claims, not including any reference to state law causes of action). The reference to living wage claims in this case is even more confusing because, not only are those not federal claims relevant to the notice, they are subject to a pending motion to dismiss. If plaintiffs are allowed to proceed with their proposed notice language, and that claim is dismissed, the parties will be required to send out an additional notice advising individuals of the dismissals. Having to send a second notice will create an unnecessary risk of confusion and utter waste of time and resources, particularly since there is no reason for such information relating to state claims to be

in the notice in the first place, and the dismissal of the state law claims will not impact the individuals' federal claims.

Moreover, reference to plaintiffs' living wage claim is particularly inappropriate in this case because it is unrelated to their FLSA claims for unpaid overtime. This direct solicitation of plaintiffs for unrelated state law claims is unnecessary and inappropriate.

## CONCLUSION

For the reasons discussed herein, Plaintiffs' motion for conditional certification should be denied. If, however, the Court grants Plaintiffs' motion, the notice of pendency should be revised in accordance with the points raised herein.

Date:   March 28, 2011
        New York, New York

S/_____
Andrew P. Marks
Elena Paraskevas-Thadani
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

Attorneys for Defendants
