UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

PILAR URRESTA, ZITA CABRERA and
CARLOS LEAL, on behalf of themselves and
all others similarly situated,

                          Plaintiffs,                10 Civ. 8277

     -against-                                       OPINION

MBJ CAFETERIA CORP. d/b/a MBJ FOOD
SERVICES, INC., MBJ LIC CORP.,
MBJ JV INC., MBJ DOWNTOWN INC.,
MICHAEL GELLES, RICHARD HALEM
and JOAQUIN VASQUES,

                          Defendants.

------------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiffs

          BERANBAUM MENKEN LLP
          80 Pine Street, 32nd Floor
          New York, NY  10005
          By:  Jennifer Smith, Esq.

          Attorneys for Defendants

          LITTLER MENDELSON
          900 Third Avenue
          New York, NY  10022
          By:  Andrew P. Marks, Esq.

**Sweet, D. J.**

The plaintiffs Pilar Urresta ("Urresta"), Zita Cabrera ("Cabrera") and Carlos Leal ("Leal") (collectively, the "Plaintiffs") have moved for conditional certification of this action as a representative collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); approval of the proposed collective action notice and consent; production of names, last known mailing addresses, alternate addresses, telephone numbers, work locations and date of employment of all covered employees; and posting of the notice along with the consent forms at each of the locations of defendants, MBJ Cafeteria Corp., d/b/a MBJ Food Services, Inc., MBJ LIC Corp., MBJ JV Inc., and MBJ Downtown Inc. (collectively with Michael Gelles, Richard Halem and Joaquin Vasques, the "Defendants"). Based upon the facts and conclusions set forth below, the motion is granted in part and denied in part.

**Prior Proceedings**

1

The prior proceedings have been set forth in the accompanying order and opinion determining the Defendants' motion to dismiss.

The instant motion was also heard and marked fully submitted on June 1, 2011.

**Applicable Standard**

The FLSA states in relevant part that:

> [a]n action . . . may be maintained against any
> employer . . . in any Federal or State court of
> competent jurisdiction by any one or more employees
> for and on behalf of himself or themselves and other
> employees similarly situated.  No employee shall be a
> party plaintiff to any such action unless he gives his
> consent in writing to become such a party and such
> consent is filed in the court in which such action is
> brought.

29 U.S.C. § 216(b).  Thus, unlike in traditional class actions brought pursuant to Federal Rule of Civil Procedure 23, plaintiffs in FLSA representative actions must affirmatively "opt in" to be part of the class and to be bound by any judgment.  See Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d

2

1208, 1216 (11th Cir. 2001).  To that end, Plaintiffs seek to
conditionally certify a class of similarly situated employees of
Defendants and request that the Court approve of their proposed
collective action notice.  Defendants acknowledge that courts in
the Second Circuit have the discretion to authorize notice to
potential FLSA opt-in plaintiffs who, along with the named
plaintiffs, were victims of a common policy or plan that
violated the FLSA, Defs.' Memo. at 1-2, and Defendants do not
oppose the mailing of an appropriate notice to employees of MBJ
LIC Corp. who worked at LaGuardia Community College
("LaGuardia") during the three years preceding such mailing.  As
the Second Circuit explained in Myers, "while courts speak of
'certifying' a FLSA collective action, it is important to stress
that the 'certification' we refer to here is only the district
court's exercise of the discretionary power, upheld in Hoffmann-
La Roche [493 U.S. 165, 110 S.Ct. 482 (1989)], to facilitate the
sending of notice to potential class members.  Section 216(b)
does not by is terms require any such device . . . . ."  624 F.3d
at 555 n.10.

        "Neither the FLSA nor its implementing regulations
define the term 'similarly situated.'"  Hoffman v. Sbarro, Inc.,
982 F. Supp. 249, 261 (S.D.N.Y. 1997).  However, the Second

Circuit has endorsed the two-step process district courts in
this Circuit have employed to analyze motions to certify
collective actions.  See Myers, 624 F.3d at 554-55.  "The first
step is the notice stage in which the court determines . . .
whether the plaintiffs and potential opt-in plaintiffs are
sufficiently 'similarly situated' to issue notice and allow the
case to proceed as a collective action through discovery."
Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368
(S.D.N.Y. 2007); see also Myers, 624 F.3d at 555.  Applying a
"relatively lenient evidentiary standard," Mentor v. Imperial
Parking Sys., Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007), the
court may authorize notice "after plaintiffs make a 'modest
factual showing' that they and potential opt-in plaintiffs
'together were victims of a common policy or plan that violated
the law.'"  Myers, 624 F.3d at 555 (quoting Hoffman, 982 F.
Supp. at 261).  This "modest factual showing cannot be satisfied
simply by unsupported assertions, but it should remain a low
standard of proof because the purpose of this first stage is
merely to determine whether 'similarly situated' plaintiffs do
in fact exist."  Myers, 624 F.3d at 555.  At this first step,
"the court does not resolve factual disputes, decide substantive
issues going to the ultimate merits, or make credibility
determinations."  Cunningham v. Elec. Data Sys. Corp., 754 F.

4

Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting Lynch, 491 F. Supp.
2d at 368); see also Guillen v. Marshalls of MA, Inc., 750 F.
Supp. 2d 469, 475 (S.D.N.Y. 2010) (holding that at the first
step, "the focus of the inquiry is not on whether there has been
an actual violation of law but rather on whether the proposed
plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b)
with respect to their allegations that the law has been
violated."). Once the district court determines the plaintiffs
and potential opt-in plaintiffs to be "similarly situated," the
court conditionally certifies the class and orders notice to
potential class members, who are given the opportunity to opt
in. Cunningham, 754 F. Supp. 2d at 644.[1]


     The Defendants contend that "conditional
certification" should be denied because there exists "no
provision for such relief." Defs.' Memo. at 2. Citing the
Second Circuit's language in Myers that "the 'certification' we
refer to here is only the district court's exercise of the

---

[1]   In the second step of the Myers analysis, the district
court determines "whether a so-called collective action may go
forward by determining whether the plaintiffs who have opted in
are in fact 'similarly situated' to the named plaintiffs."
Myers, 624 F.3d at 555. After conducting this second-stage
analysis with a "more stringent factual determination," Lynch,
491 F. Supp. 2d at 368, the court can "decertify the class or
divide it into subclasses, if appropriate." Iglesias-Mendoza v.
La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007).

discretionary power . . . to facilitate the sending of notice to

potential class members," Defendants argue that since there is

no mechanism to certify an FLSA class, Plaintiffs' request

should be denied.  However, post-<u>Myers</u>, courts have continued

both to grant motions to certify FLSA collective actions and to

authorize the sending of notice to potential opt-in plaintiffs.

See, e.g., <u>Cunningham</u>, 754 F. Supp. 2d at 651-52; <u>Harhash v.</u>

<u>Infinity West Shoes, Inc.</u>, No. 10 Civ. 8285(DAB), 2011 WL

4001072, at *5 (S.D.N.Y. Aug. 25, 2011); <u>Schwerdtfeger v.</u>

<u>Demarchelier Mgmt., Inc.</u>, No. 10 Civ. 7557(JGK), 2011 WL

2207517, at *7 (S.D.N.Y. June 6, 2011); <u>Aponte v. Comprehensive</u>

<u>Health Mgmt., Inc.</u>, No. 10 Civ. 4825(PKC), 2011 WL 2207586, at

*12 (S.D.N.Y. June 2, 2011).


**An Appropriate Notice Is Approved**


Although the named plaintiffs worked at LaGuardia,

Plaintiffs seek the Court's permission to provide notice to

individuals who worked at other colleges, including Borough of

Manhattan Community College ("BMCC"), John Jay College ("John

Jay") and Eugenio de Hostos Community College ("Hostos") under

the theory that the separate corporations operating the

cafeterias at these colleges comprise a joint-employer with MBJ

LIC Corp.  The Defendants do not dispute that the named

Plaintiffs are "similarly situated" to their co-workers at

LaGuardia for notice purposes.  See Defs.' Memo. at 1-2.  The

only contested issues are whether the notice should also issue

to employees of the other corporate Defendants, and whether the

notice period should be three years or six years.

For the reasons herein stated, the circulation of

class notice in this case should be restricted to those persons

who are subject to the same alleged violation of the FLSA, but

should be authorized for all employees who may have either FLSA

or analogous claims under New York Labor Law.  Accordingly, the

circulation of class notice is will be restricted to plaintiffs'

co-workers at LaGuardia for the six year period preceding the

filing of this lawsuit.

**The Plaintiffs Have Failed To Establish Additional Similarly
Situated Employees At Other City Colleges**

The Plaintiffs' motion for conditional class

certification implicates the first stage of the Myers analysis,

under which Plaintiffs bear a "minimal burden" to demonstrate

that class members are "similarly situated" by "making a modest

7

factual showing sufficient to demonstrate that they and

potential plaintiffs together were victims of a common policy of

plan that violated the law." See Cuzco v. Orion Builders, Inc.,

477 F. Supp. 2d 628, 632-33 (S.D.N.Y. 2007).  Plaintiffs contend

that they have met this minimal burden.


     Plaintiffs Urresta, Cabrera and Leal are all current

or former employees of Defendants who, like the proposed class

members, perform or performed food service work for Defendants.

See Urresta Decl. ¶ 4; Leal Decl. ¶ 4; Cabrera Decl. ¶ 4.   In

their attached Declarations, the Plaintiffs set forth the

factual basis for their claims, along with what they know about

the potential legal claims of other class members.  Plaintiffs

identify various violations of law to which they themselves were

subjected.  Plaintiffs also state that there were approximately

20 other employees who worked alongside them at LaGuardia who,

like them, regularly worked more than 40 hours per week without

being paid overtime, see Urresta Decl. ¶ 9; Leal Decl. ¶ 9;

Cabrera Decl. ¶ 9, and that they know of other individuals at

other of Defendants' locations including BMCC, John Jay and

Hostos who were not paid overtime.  See Urresta Decl. ¶¶ 10, 11;

Leal Decl. ¶¶ 10, 11; Cabrera Decl. ¶ 10.


8

Plaintiffs contend that these factual assertions made in the affidavits of Urresta, Leal and Cabrera are sufficient to meet the minimal burden of demonstrating class members to be similarly situated.  In support of this argument, Plaintiffs cite instances where courts have authorized conditional certifications on what Plaintiffs describe as comparable factual showings.  See e.g., Fang v. Zhuang, No. 10-CV-1290(RRM)(JMA), 2010 WL 5261197, at *3 (E.D.N.Y. Dec. 1,2010) (finding conditional certification of a nation-wide class of "similarly situated" employees appropriate based on one plaintiff's affidavit); Cuzco, 477 F. Supp. 2d at 634 (S.D.N.Y. 2007) (granting conditional certification based only on the complaint and the declaration of the one plaintiff in the case); Iglesias-Mendoza, 239 F.R.D. at 368 (S.D.N.Y. 2007) (finding plaintiffs met their burden based on their pleading and declarations to establish that they were subject to certain practices and to the best of their knowledge their experience was shared by other proposed class members); Wraga v. Marble Lite, Inc., No. 05-CV-5038(JG)(RER), 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006) (granting conditional certification based on complaint and single affidavit alleging failure pay overtime where plaintiff stated that he was aware, based on conversations, of others in a similar situation); Sipas v. Sammy's Fishbox, Inc., No. 05 Civ.

9

10319(PAC), 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006)
(conditionally certifying class on basis of three affidavits and
complaint's allegations); Mazur v. Olek Lejbzon & Co., No. 05
Civ. 2194(RMB)(DF), 2005 WL 3240472, at *4 (S.D.N.Y. Nov. 30,
2005) (three affidavits sufficient for Court to authorize notice
to employees in nine job classifications, who worked for four
different corporations); Masson v. Ecolab, Inc., No. 04 Civ.
4488(MBM), 2005 WL 2000133, at *14 (S.D.N.Y Aug. 17, 2005).

Plaintiffs draw particular attention to Greene v. C.B.
Holding Corp., No. 10-CV-1094, 2010 WL 3516566 (E.D.N.Y. Aug.
12, 2010), a case Plaintiffs describe as an instance where
evidence comparable to that available here was held sufficient
to justify notice.  Plaintiffs state that, in Greene, the Court
held that affidavits submitted by current and former employees
alleging company-wide illegal activities by the defendants was
sufficient to carry the initial burden for conditional
certification and authorized notice to a putative class of over
9,000 employees who performed work in 49 of the defendants'
restaurants.  Plaintiffs also cite additional cases they
describe as having similar fact patterns.  See Guzman v. VLM,
Inc., No. 07-CV-1126(JG)(RER), 2007 WL 2994278 (E.D.N.Y. Oct.
11, 2007) (finding employees who held similar jobs and were

10

subject to the same policies despite having worked at different times to be similarly situated for notice purposes); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 304 (S.D.N.Y. 1998) (approving notice even though "all of the [alleged] violations may not have occurred at each of the 15 Ark Restaurants, and that offending compensation practices may have varied somewhat among the restaurants"). Plaintiffs also contend that, in cases where conditional certification has been denied, the plaintiffs "typically have failed to make any factual showing beyond conclusory statements in the pleadings." Greene, 2010 WL 3516566, at *4.

In addition to the Plaintiffs' sworn statements, three former food service workers who worked at John Jay filed suit against the Defendants last year alleging, inter alia, failure to pay overtime. See Smith Decl. ¶ 2, Ex. A; see also Mendoza v. Casa de Cambio Delgado, Inc., No. 07CV2579(HB), 2008 WL 3399067, at *2 (S.D.N.Y. Aug. 12, 2008) (considering deposition testimony taken in a prior lawsuit in making the termination as to whether there were similarly situated employees to warrant notice). According to the Plaintiffs, these specific factual allegations constitute a "minimum showing" that defendants maintained a common policy of unlawfully failing to pay overtime

11

wages sufficient to warrant notice to employees at LaGuardia, MBCC, John Jay and Hostos.

Plaintiffs acknowledge that each of the four corporate Defendants is registered separately with the New York Department of State, and each is associated with the address of a different college: MBJ Cafeteria Corp. with John Jay; MBJ LIC Corp. with LaGuardia; MBJ JV Inc. with Hostos; and MBJ Downtown Inc. with BMCC.  See Smith Decl. ¶¶ 3-6, Exs. B-H.  Plaintiffs contend that the Defendant corporate entities are interrelated because they have been sued as an enterprise in a prior overtime lawsuit, Smith Decl. ¶ 2, Ex. A; they advertise publicly that they are a single entity, Smith Decl. ¶ 7, Ex. I; their officers, the individual Defendants herein, represent themselves as associated with the different corporate entities interchangeably, Smith Decl. ¶¶ 8-9, Exs. J, K; and they publicly advertise conflicting information about their corporate names, where they are based and the identity of corporate officers, Smith Decl. ¶ 10, Ex. L-P.

The Plaintiffs contend that comparable evidence of "joint employment" was found sufficient to warrant circulation of notice in Bogosian v. All American Concessions, No. 06-CV-

12

1633 (RRM)(RML), 2008 WL 4534036 (E.D.N.Y. Sept. 30, 2008).
There, a group of concession stand workers brought suit for
unpaid wages against several entities responsible for catering
and concession services at the 2005 U.S. Open. The defendants
filed a motion to dismiss on the grounds that, inter alia, they
were not joint employers and therefore not liable to the
plaintiffs. The Court found that there were not enough facts in
the record to resolve the issue of joint employment at that
early stage and denied the motion, but nonetheless certified the
action as a collective action and approved circulation of notice
because plaintiffs had met their minimal burden of demonstrating
that they were similarly situated. In finding the circulation
of notice appropriate, the court specifically noted that the
legal issues underlying the plaintiffs' FLSA claims, including
whether the defendant entities were actually joint employers,
were common to all members of the class. Id., at *6 (internal
citations omitted).


        Plaintiffs cite Realite v. Ark Restaurants Corp., 7 F.
Supp. 2d 303, for additional support. In Realite, the
defendants claimed, in response to plaintiffs' motion for
certification, that their 15 separate restaurants were "separate
establishments not centrally controlled." Id., at 307.

Plaintiffs, in support of their position, submitted affidavits saying that an individual defendant was a regular presence at the restaurants, that they understood him to be the person in charge of pay increases, and that he regularly met with managers and gave them directions.  Id. at 307-08.  The court found that the joint employment question was, at a minimum, "a contested area of fact requiring discovery."  Id. at 307.

Notwithstanding Plaintiffs' contentions, a review of the evidence and applicable case law reveals that the Court cannot authorize notice to current and former employees at John Jay, BMCC and Hostos, because Plaintiffs, even under the relatively lenient evidentiary standard, have not made the modest factual showing that they and the potential opt-in plaintiffs at these other colleges were victims of a common policy or plan.  The Plaintiffs have averred that they have "talked to people who work or have worked at [BMCC]" and have "heard" about employees at John Jay and Hostos.  Urresta Aff. ¶¶ 10-11; Leal Aff. ¶¶ 10-11; Cabrera Aff. ¶ 10.  This hearsay is insufficient to establish potential plaintiffs at all four colleges to be victims of a common policy or plan.  See Barfield v. New York City Health & Hosps. Corp., No. 05 Civ. 6319(JSR), 2005 WL 3098730, *1 (S.D.N.Y. Nov. 18, 2005) (denying

14

plaintiff's motion for certification as a collective action
under the FLSA, as "plaintiff presents nothing but limited
anecdotal hearsay to suggest that there is a widespread practice
of referral nurses working in excess of 40 hours per week . . .
and no evidence whatever that this is pursuant to a policy of
either [defendant].").

In <u>Monger v. Cactus Salon & SPA's LLC</u>, No. 08-CV-
1817(FB)(WDW), 2009 WL 1916386 (E.D.N.Y. July 6, 2009), two hair
salon employees at the Cactus Salon in South Oyster Bay sought
conditional certification of a class of all salon employees at
their salon as well as at other Cactus Salon locations who were
denied overtime pay in violation of the FLSA.  In support of
their motion, the two plaintiffs submitted payroll records for
the South Oyster Bay location showing that four other employees
did not receive overtime pay as well as declarations attesting
that they "believe" that other Cactus Salon employees are
subject to the "same policies, procedures and pay rates" and
were not paid for overtime.  <u>Id.</u> at *1.  In ruling on
plaintiffs' motion for conditional certification, the court
found that, while plaintiffs' allegations and supporting
evidence were sufficient to certify a class of South Oyster Bay
salon employees, the evidence was insufficient to justify a

15

class certification of Cactus Salon employees at locations other than the South Oyster Bay salon: "Plaintiffs' only evidence that other locations' employees are similarly situated is that they 'believe' that all hair stylists and shampoo assistants are subject to the same policies.  They offer no basis for this belief; they name no individuals at other salons who are similarly situated; and they provide no documentary evidence that policies are the same at different Cactus Salon locations." Id. at *2.  Other courts confronting similar evidence have reached similar conclusions.  See, e.g. Lujan v. Cabana Mgmt., Inc., No. 10-CV-755(ILG), 2011 WL 317984, at *7 (E.D.N.Y. Feb. 1, 2011) (denying notice to potential plaintiffs in defendant's Florida restaurants because "Plaintiff proffers one affidavit from one employee who worked at one of the three Florida restaurants" and "[t]he only corroborating evidence before the Court consists of conclusory hearsay statements in two affidavits"); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008) (certifying class for one Domino's location but denying certification for other locations where plaintiffs' only evidence that other employees were similarly situated was one employee's affidavit regarding his experience at another store and several pieces of hearsay).

16

Plaintiffs' complaint acknowledges that the cafeterias at each college were operated by different corporate entities. Compl. ¶¶ 27-32.  While the complaint alleges "upon information and belief" that "corporate Defendants [were] operated as a single enterprise by individual Defendants Gelles, Vasques and Halem," Compl. ¶ 25, and that "one or more Defendants employed and/or jointly employed one or more Plaintiffs," Compl. ¶ 33, these allegations do not establish that collective action certification is warranted.  "Plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits."  Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010).  The plaintiffs' supporting allegations "must be specific, not conclusory."  Id.; see also Morales v. Plantworks, Inc., No. 05 Civ. 2349(DC), 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification based upon plaintiffs' conclusory allegations and failure to show a common policy or plan).  Particularly in cases involving Defendants that are separate corporate entities, Plaintiffs must provide some evidence of a common policy to violate the law.  See Castro v. Spice Place, Inc., No. 07 Civ. 4657, 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) ("Some evidence of such a common policy to violate the law is particularly significant in this case given that Defendant

17

restaurants are six distinct New York corporations and that defendants dispute plaintiffs' characterization of defendants as a joint employer under the FLSA.").

Here, Plaintiffs have not provided sufficient evidence of a common policy to violate the law.  Plaintiffs' accompanying affidavits do not provide a factual demonstration of any common control or other element of joint-employer status.  Plaintiffs do provide the Court with various materials along with their reply to Defendants' opposition, including: (i) a complaint filed on behalf of food service workers at John Jay alleging FLSA violations, Smith Decl. Ex. A; (ii) printouts from the New York State Department of State, Division of Corporations website listing the corporate officers of the Defendant corporate entities and information concerning their business addresses, Smith Decl. Ex. B-H; (iii) a printout from John Jay's website containing the description that "MBJ Food Services enjoys providing food management services to various colleges" including John Jay, BMCC and LaGuardia; (iv) the signature pages of contracts between Enterprise Corp. and MBJ; and (v) printouts of the results of various internet searches involving Defendants' names.  Comparing this evidence to that presented in other FLSA conditional certification cases reveals these

18

materials to be insufficient to establish a common scheme to
violate the law.

In _Capsolas v. Pasta Res., Inc._, Judge Holwell granted
plaintiffs motion for conditional certification in a case
against Chef Mario Batali's eight restaurants. No. 10 Civ.
5595(RJH), 2011 WL 1770827 (S.D.N.Y. May 9, 2011). In _Capsolas_,
two individual defendants, Batali and his partner Joseph
Bastianich, owned a share in each of the defendant restaurants.
_Id._ at *4. Plaintiffs alleged a policy common to all the
defendant restaurants of deducting 4-5% of the nightly wine
sales from the tip pool, and one plaintiff stated that a manager
informed him that this was a policy across the Batali restaurant
group. _Id._ at *1. Plaintiffs established that five of the
Batali restaurants withheld the same percentage of wine sales
and provided pre-printed tip worksheets with a space for the
deduction, indicating that the policy was entrenched and not the
actions of particular managers. _Id._ at *3. In contrast to the
plaintiffs in _Capsolas_, Plaintiffs here have not presented any
specific evidence of a common policy across MBCC, John Jay,
Hostos and LaGuardia. Plaintiffs have asserted only vague
allegations of FLSA violations at MBCC, John Jay and Hostos, and
none of the Plaintiffs' evidence, with the exception of the

19

hearsay in Plaintiffs' affidavits, supports the existence of a common policy across the four colleges to violate the FLSA.

Similarly, plaintiffs in other cases instances where conditional certification has been granted have provided the court with evidence more substantial than what Plaintiffs here have presented.  For example, in Fansanelli v. Heartland Brewery, Inc., the court certified a class of restaurant workers across a chain of commonly owned restaurants based on statements of two managers that a uniform policy of changing restaurant workers' hours existed.  516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007).  In Garcia v. Pancho Villa's of Huntington Village, Inc., the court certified a class of restaurant workers who worked for three restaurants, even though all of the named plaintiffs worked at the same location.  678 F. Supp. 2d 89 (E.D.N.Y. 2010).  However, the court granted the motion for conditional certification based on the inference that the restaurants were likely to share policies because the same family owned and managed all three restaurants, and one of the plaintiffs had worked for one of the other restaurants in the past and experienced similar treatment.  Id. at 93-94.  Plaintiffs in this current action seek conditional certification for workers employed by four separate corporate entities and do not provide

20

any evidence from supervisors or employees with direct knowledge
of the practices at MBCC, John Jay or Hostos.

As described above, Plaintiffs cite a substantial body
of case law in support of their motion for conditional
certification.  Plaintiffs characterize several cases as
instances where courts have authorized conditional
certifications based on evidentiary showings comparable to what
Plaintiffs have presented to this Court, but a review of these
cases demonstrates the facts and circumstances to be
distinguishable from those presented by the present action.  For
example, in Fang v. Zhuang, the court did grant conditional
certification based on one plaintiff's affidavit, but defendants
included only one corporation and that corporation's CEO.  2010
WL 5261197, at *1.  See also Wraga, 2006 WL 2443554, at *1
(plaintiff sued one corporate entity and two officers of that
corporation).  In Iglesias-Mendoza v. La Belle Farm, Inc., the
court permitted conditional certification for employees of
several different corporate entities, but the defendants in that
case conceded, for purposes of the conditional certification
motion, "that the seven corporate defendants may be considered a
single entity."  239 F.R.D. at 368.  Plaintiffs also cite Masson
v. Ecolab as one of the cases where "[c]ourts have routinely

21

authorized conditional certification on comparable factual showings," but, in Masson, the defendant corporation admitted that it has a company policy of not paying a time-and-one-half overtime premium.  2005 WL 2000133, at *14.  Plaintiffs mischaracterize the holding of Cuzco v. Orion Builders, Inc., describing the case as granting conditional certification based only on the complaint and the declaration of the one plaintiff in the case, Pls.' Memo. at 4, when, in fact, the Court expressly stated, "If this Court had nothing more to consider than Plaintiff's Complaint and Cuzco's declaration, those documents may not have provided sufficient basis for this case to proceed as a representative action, even under the lenient standards associated with first-stage certification analysis." 477 F. Supp. 2d at 633.

In other cases Plaintiffs cited, the evidence presented was more substantial than that which Plaintiffs have offered here.  In Sipas v. Sammy's Fishbox, Inc., plaintiffs' complaint and affidavits described how plaintiffs were required to wear the same uniforms, attend the same semi-annual meetings to discuss problems with parking operations and answer to the same supervisors.  2006 WL 1084556, at *2.  Plaintiffs received no hourly wages and were compensated solely through tips with

22

all plaintiffs having to pay $5.00 per shift out of their tips.
Id.  Here, Plaintiffs Urresta, Cabrera and Leal have not
presented this kind of specific evidence concerning an alleged
common policy of denying workers' overtime pay at LaGuardia,
MBCC, John Jay and Hostos.  Plaintiffs also cite Green v. C.B.
Holding Corp., a case where plaintiffs submitted eight
affidavits supporting their contention that the alleged wage and
hour violations were experienced at five New York locations, one
New Jersey location, and two Pennsylvania locations.  2010 WL
3516566, at *5.  Plaintiffs also provided evidence from a former
manager stating that she and other managers were directed to use
tip money to create a "slush fund" for various restaurant
expenses.  Id.  In the present action against MBJ, Plaintiffs
have submitted affidavits only from employees at LaGuardia and
have not presented any evidence suggesting a coordinated
employment policy in existence at the four colleges.


     The cases Plaintiffs cite in support of their "joint
employment" argument are also distinguishable from the present
action.  Plaintiffs describe Bogosian v. All American
Concessions as a case where the court found that there were not
enough facts in the record to resolve the issue of joint
employment but nonetheless certified the action as a collective

23

action and approved circulation of notice.  Pls. Reply at 7.
However, in Bogosian, the defendants objected to plaintiffs'
definition of the class, and, instead, consented to the
circulation of a class notice that limited the class definition.
2008 WL 4534036, at *6.  Plaintiffs agreed to this limitation on
their putative class, and the court then issued notice to those
potential members.  The MBJ Defendants have given no such
consent.  Plaintiffs' citation to Realite v. Ark Restaurants
Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998) is also unpersuasive,
as plaintiffs in Realite, regarding the joint employment issue,
presented evidence of one defendant regularly visiting and
managing personnel issues at the 15 restaurants at issue, and,
regarding the common policy issue, presented ten affidavits
establishing common compensation practices of not using time
clocks or sign-in sheets and refusing to pay overtime remained
the same even when employees changed jobs within a given
restaurant or transferred to one of the other 15 restaurants.
Id. at 307.  Plaintiffs Urresta, Cabrera and Leal have not
presented similar evidence concerning employment policies at
LaGuardia, MBCC, John Jay and Hostos.

        For these reasons, the circulation of class notice in
this case should be restricted to employees at LaGuardia.

24

**Notice Relating To Federal And State Claims Is Appropriate**

The Defendants allege that notice should only be sent to employees who worked for Defendants in the past three years. While it is correct that FLSA has a maximum three year statute of limitations period, 29 U.S.C. § 255, analogous claims under New York Labor Law have a six year statute of limitations. N.Y. Labor Law § 198.3. Although there is no analogous provision under New York Labor law for FLSA-type collective actions, such claims may be certified as a class action in federal court as part of an FLSA collective action. See, e.g., Jemine v. Dennis, No. CV 2008-3072(RRM)(MDG), 2009 WL 837802 (E.D.N.Y. Mar. 26, 2009); see also Shahriar v. Smith & Wollensky Restaurant Grp., Inc., No. 10-1884-cv, 2011 WL 4436284, at *6 (2d Cir. Sept. 26, 2011) (finding no abuse of discretion in the district court's decision to exercise jurisdiction over both FLSA and New York Labor Law claims, noting "[b]ecause FLSA and NYLL claims usually revolve around the same set of fact, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and under Rule 23 to pursue the NYLL claims as a class action under the district

25

court's supplemental jurisdiction."). As noted in Plaintiffs'

moving papers, in cases involving both FLSA and New York State

Labor Law claims, courts in this Circuit have authorized notice

to similarly situated employees who worked for Defendants in the

six years preceding the filing of the complaint. See, e.g.,

Jemaine, 2009 WL 837802, at *1; Guzman, 2007 WL 2994278, at *6;

Realite, 7 F. Supp. 2d at 308 n.4; Harrington v. Educ. Mgmt.

Corp., No. 02 Civ. 0787(HB), 2002 WL 1343753, at *2 (S.D.N.Y.

June 19, 2002).


The Defendants also claim that the Second Circuit

decision in Myers "calls into question the rationale of

approving solicitations to employees without viable claims."

Defs.' Memo. at 6. The Second Circuit in Myers, however, did

not actually review the lower court's denial of plaintiffs'

request for collective action certification under the FLSA; the

only decision over which the court concluded it had jurisdiction

was the district court's class certification decision under Fed.

R. Civ. P. 23(f). See Myers, 624 F.3d at 542 ("Although

plaintiffs urge us to review the district court's earlier denial

of their request to send notice to potential FLSA plaintiffs, we

conclude that we lack appellate jurisdiction to consider the

merits of this earlier ruling."). The Myers decision should

26

therefore not be read to change the well-established principles
that guide the FLSA notice inquiry.  See Cunningham, 754 F.
Supp. 2d at 648 ("It seems unwarranted . . . to extrapolate a
rule of decision for deciding first-stage collective action
certification motions from Myers's Rule 23 discussion.").  Post-
Myers, district courts have continued to authorize six-year
notices.  See, e.g., Klimchak v. Cardrona, Inc., No. CV-09-04311
(SJF)(ARL), 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011);
Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d 450, 455-56
(E.D.N.Y. 2011).


          Courts in this Circuit consider judicial economy in
deciding whether to approve a three or six year notice.  In
Avila, the court, in its discussion of why six year notice was
appropriate, specifically noted that "the number of Plaintiffs
and potential plaintiffs as represented does not appear to be
very large."  Id. at 456.  The court went on to note that, given
that factor, "it seems logical, efficient, and manageable to
compel defendants' production of these names only once, if
possible."  Id. (citing Cano v. Four M Food Corp., No. 08-CV-
3005(JFB)(AKT), 2009 WL 5710143, at * 10 (E.D.N.Y. Feb. 3,
2009).  As in Avila, the number of individuals who worked for
Defendants in the instant case over the past six years "as

                              27

represented does not appear to be very large." Avila, 774 F. Supp. 2d at 456; see also Urresta Aff. ¶ 9 ("Defendants employ approximately 20 other people to do the same type work I perform at LaGuardia Community College."); Leal Aff. ¶ 9 (same); Cabrera Aff. ¶ 9 (same). Requiring Defendants to produce the names and addresses of those individuals and authorizing the mailing of notice would not be "unduly burdensome or disruptive to [D]efendants' business operations." Avila, 774 F. Supp. 2d at 456 (citing Hallissey v. America Online, Inc., No. 99-CIV-3785 (KTD), 2008 WL 465112, at *3 (S.D.N.Y. Feb. 19, 2008) ("In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to the [opt-in plaintiffs] while minimizing disturbance to [defendant's] business.").

Accordingly, an appropriate information and notice is authorized for all employees who worked at LaGuardia within the six year period preceding the filing of this suit.

## Conclusion

For the reasons set forth above, the Plaintiffs' motion is granted in part and denied in part. A notice

28

containing the provisions described above will be submitted on notice within ten days.

It is so ordered.

New York, NY
October /7, 2011

ROBERT W. SWEET
U.S.D.J.

29